# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-1334V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | Chief Special Master Corcoran |
| DANIEL MURPHY, | * | |
| | * | Filed: February 1, 2024 |
| Petitioner, | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Jessica A. Olins*, Maglio Christopher & Toale, Seattle, WA, for Petitioner.

*Tracy Patton,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### **DECISION GRANTING AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On May 6, 2021, Daniel Murphy filed a petition for compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] (ECF No. 1) ("Pet."). Petitioner alleged that he suffered immune thrombocytopenia purpura, or the aggravation of a pre-existing injury, related to his receipt of an influenza vaccine on October 9, 2018. Pet. at 1. The parties settled the claim, and I issued a decision based on their stipulation on September 7, 2023. (ECF No. 40).

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated January 10, 2024 (ECF No. 47) ("Final Fees Mot."). Petitioner requests a total of $100,389.74, reflecting $68,369.50 in fees incurred for the services of Ms. Jessica Olins and paralegals, and $32,020.24 in costs. Final Fees Mot. at 1–2. Respondent reacted to the final fees request on January 16, 2024. Response, dated January 16, 2024 (ECF No. 49) ("Response"). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Response at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$100,389.74**.

## ANALYSIS

**I.     Calculation of Fees**

Because Petitioner prevailed in this matter, he is entitled to an award of fees. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

| Attorney | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|
| Jessica Olins | $225.00 | $266.00 | $290.00 | $320.00 | $355.00 |

| | | | | | |
|---|---|---|---|---|---|
| **Altom Maglio** | $420.00 | -- | -- | -- | -- |
| **Diana Stadelnikas** | $440.00 | -- | $490.00 | -- | -- |
| **Joseph Vukovich** | -- | -- | $385.00 | $415.00 | -- |
| **Annie Stockdale (Paralegal)** | $160.00 | -- | -- | -- | -- |
| **Audrey Harper (Paralegal)** | -- | $165.00 | -- | -- | -- |
| **Chelsea Harris (Paralegal)** | -- | -- | $170.00 | $180.00 | $190.00 |
| **Dashea King (Medical Records Paralegal)** | $145.00 | -- | -- | -- | -- |
| **Jennifer Gutierrez (Paralegal)** | $160.00 | $165.00 | $170.00 | -- | -- |
| **Katherine Ochoa Castillo (Paralegal)** | $160.00 | -- | -- | -- | -- |
| **Amy Semanie (Medical Records Paralegal)** | $145.00 | $155.00 | $160.00 | -- | -- |
| **Kendall Wallin (Paralegal)** | $165.00 | -- | $180.00 | -- | -- |
| **Kimberly Dutra (Paralegal)** | $160.00 | $165.00 | $170.00 | -- | -- |
| **Kristin Harding (Paralegal)** | $160.00 | -- | -- | -- | -- |
| **Lindsay Wilkinson (Paralegal/Medical Records Paralegal)** | -- | $160.00 | $160.00 | $170.00 | -- |
| **Mackenzie Riordan (Medical Records Paralegal)** | -- | $160.00 | -- | -- | -- |
| **Maria Rodriguez-Castro (Paralegal)** | $160.00 | -- | -- | -- | -- |
| **Melissa Sealy (Paralegal)** | -- | -- | $170.00 | -- | -- |
| **Tara Thorn (Paralegal)** | $160.00 | $165.00 | -- | -- | -- |
| **Theresa LaCroix (Medical Records Paralegal)** | -- | $165.00 | -- | -- | -- |

Exhibit 45 at 38-39.

Ms. Olins practices in Seattle, WA, and her Maglio Firm colleagues practice in Washington, DC and Sarasota, FL—jurisdictions that have been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch. See Franklin v. Sec'y of Health & Hum. Servs.,* No. 21-885V, 2023 WL 6388242 (Fed. Cl. Spec. Mstr. Sept. 7, 2023). The rates requested are also consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[3] *Burrill v. Sec'y of Health & Hum. Servs.*, No. 20-1495V, 2023 WL 4842387 (Fed. Cl. Spec. Mstr. June 27, 2023). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

### III. Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $32,020.24 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and the work of one expert, Dr. Sanjiv Modi. Ex. 46 at 1–2. Dr. Modi prepared two reports in this case, and submitted an invoice for $23,500.00 (54 hours of work billed at a rate of $500 per hour, minus a $3,500.00 retainer). Ex. 46 at 117-118. The total amount charged was reasonable for the work performed, and I do not find any reason to make reductions. The same is true for the other litigation-related costs.

Thus, all requested litigation-related costs in this matter shall be awarded in full without reduction.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited February 1, 2024).

in its entirety and award a total of **$100,389.74**, reflecting **$68,369.50** in attorney's fees and **$32,020.24** in costs in the form of a check made jointly payable to Petitioner and his attorney Ms. Jessica Olins.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.